Filed 9/27/21  P. v. Brown CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. CHRISTOPHER ANTHONY BROWN, Defendant and Appellant. | B312864 (Los Angeles County Super. Ct. No. MA037315) |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Lisa Strassner, Comissioner.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

————————————

Christopher Anthony Brown was convicted following a jury trial in 2014 of two counts of first degree murder with true findings on a multiple-murder special-circumstance allegation and firearm-use enhancements.  He was sentenced to two consecutive indeterminate state prison terms of life without parole plus two consecutive terms of 25 years to life.  In addition, at sentencing the court ordered Brown to pay direct victim restitution of $2,964 and imposed statutory fines, fees and assessments, including the maximum restitution fine of $10,000.  We affirmed the convictions and sentence on appeal.  (*People v. Brown* (March 8, 2016, B255316) [nonpub. opn.].)

In April 2021 Brown, representing himself, filed a motion to vacate the fines, fees and assessments imposed at sentencing, purportedly pursuant to Penal Code section 1237.2,[1] arguing the trial court had not considered his ability to pay the amounts imposed as required by this court's decision in *People v. Dueñas* (2019) 30 Cal.App.5th 1157.  The superior court denied the motion on May 4, 2021, explaining Brown had the opportunity

---

[1]     Penal Code section 1237.2 authorizes the trial court to correct any error in the imposition or calculation of fines, assessments, fees or costs while the defendant's direct appeal from the judgment of conviction is pending.  It does not confer jurisdiction for the court to hear a motion to vacate or modify a sentence long after the judgment is final.  Indeed, a trial court generally has no jurisdiction to modify a defendant's sentence after execution of the sentence has begun (*People v. Karaman* (1992) 4 Cal.4th 335, 344; *People v. Hernandez* (2019) 34 Cal.App.5th 323, 326), and an order denying such a motion can properly be dismissed as nonappealable.  (*People v. Torres* (2020) 44 Cal.App.5th 1081, 1084.)

but did not object to imposition of a restitution fine above the statutory minimum based on his inability to pay.

Brown filed a timely notice of appeal.  In accord with the procedures described in *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted October 14, 2020, S264278, we appointed counsel to represent him.  After a review of the record, Brown's appointed appellate counsel did not identify any arguable issues and so informed this court.  On August 10, 2021 appointed counsel advised Brown he could personally submit any contentions he believed the court should consider.  We sent a similar notice on the same date.

On September 16, 2021 Brown filed a nine-page typed supplemental brief arguing the superior court prejudicially erred in denying his motion to vacate the restitution fine based on his indigency.  Brown asserted imposition of the $10,000 restitution fine without determining his ability to pay violated his constitutional rights, as set forth in this court's decision in *People v. Dueñas, supra*, 30 Cal.App.5th 1157 and decisions from other courts of appeal that have employed an excessive fines, rather than a due process, analysis.  Citing our decision in *People v. Castellano* (2019) 33 Cal.App.5th 485, Brown also argued his failure to raise his inability to pay at his sentencing hearing in 2014 did not forfeit his constitutional claim because *Dueñas* announced a constitutional principle that could not have been reasonably anticipated.  However, as the superior court explained in denying Brown's motion, Penal Code section 1202.4, which mandates imposition of a restitution fine following a felony conviction, expressly authorized the court to consider a defendant's inability to pay when increasing the amount of the restitution fine above the $300 statutory minimum.  (Pen. Code,

3

§ 1202.4, subd. (c).)  Brown thus had the opportunity to raise his inability to pay and failed to do so.  The superior court properly denied Brown's motion.

Because no cognizable legal issues have been raised by Brown's appellate counsel or by Brown or identified in our independent review of the record, the order denying the postjudgment motion is affirmed.  (See *People v. Cole*, *supra*, 52 Cal.App.5th at pp. 1039-1040, review granted; see also *People v. Serrano* (2012) 211 Cal.App.4th 496, 503; see generally *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The postjudgment order is affirmed.

PERLUSS, P. J.

We concur:


SEGAL, J.


FEUER, J.

4